IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-45358 |
| | ) | |
| JEFFREY NORMAN WINDESHAUSEN and DIANA LYNN WINDESHAUSEN, | ) ) | |
| | ) | CH. 7 |
| Debtor(s). | ) ) | |
| _____ | ) ) | |
| CHAD SVENDSEN, | ) ) | |
| Plaintiff, | ) ) | |
| | ) | A06-4018 |
| vs. | ) ) | Filing No. 3 |
| JEFFREY NORMAN WINDESHAUSEN and DIANA LYNNE WINDESHAUSEN, | ) ) ) | |
| Defendants. | ) | |

ORDER

    Hearing was held in Lincoln, Nebraska, on April 5, 2006, regarding Filing No. 3, Motion to Dismiss Adversary Proceeding, filed by the debtors/defendants. Bradley Easland appeared for Dennis Morland, attorney for the defendants, and Timothy Bowman appeared for the plaintiff.

    The plaintiff has filed a complaint requesting the court to deny the dischargeability of a debt owed by the debtors to the plaintiff. The defendants have filed a motion to dismiss.

    The complaint asserts that the debtors' adult son operated a motor vehicle owned by the debtors while intoxicated. During the operation of such automobile, he caused a collision which injured the plaintiff. The insurance policy on defendants' motor vehicle provided $100,000 in coverage, and the insurance company paid it. However, the plaintiff's medical expenses exceed $400,000.

    Based upon 11 U.S.C. § 523(a)(9), the plaintiff asserts that the obligation owed to him by the debtors, because they owned the automobile that caused his damages, should not be discharged.

    The actual operator of the vehicle, the adult son of the debtors, has apparently filed a Chapter 13 case, precluding the plaintiff from further pursuit of collection against the driver. However, it is the position of the plaintiff that the state law recognized "family use doctrine" should be applicable in bankruptcy and that the debtors, although not the driver of the vehicle causing the damages, should be prohibited from obtaining a discharge of this debt.

    The motion to dismiss is granted. 11 U.S.C. § 523(a)(9) provides that a discharge under

Section 727 does not discharge debtors from any debt for death or personal injury caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intoxicated from using alcohol, a drug or other substance. The statutory language explicitly requires the debtor to be operating the vehicle. A debt based on vicarious liability is dischargeable. Gray v. Lewis (In re Lewis), 77 B.R. 972 (Bankr. S.D. Fla. 1987) (statutory language affords no flexibility or ambiguity which would permit its interpretation to except from discharge a debt for damages caused during daughter's use of car).

There is nothing in the legislative history or case law which would make that statutory section applicable to a person or persons who were not the intoxicated driver.

SO ORDERED.

DATED this 12th day of April 2006.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
*Timothy W. Bowman
Dennis W. Morland
U.S. Trustee

Movant(*) is responsible for giving notice of this order to all other parties not listed above if required by rule or statute.